# IN THE COURT OF APPEALS OF IOWA

No. 22-0645
Filed June 15, 2022

**IN THE INTEREST OF A.H., N.H., and B.H.,**
**Minor Children,**

**C.M., Mother,**
        Appellant,

**D.H., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for O'Brien County, Shawna L.

Ditsworth, District Associate Judge.

A mother and father separately appeal the termination of their respective

parental rights. **AFFIRMED ON BOTH APPEALS.**

Kevin J. Huyser, Orange City, for appellant mother.

Tobias Cosgrove, Sibley, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Tisha Halverson, Paullina, attorney and guardian ad litem for minor children.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

A mother and father separately appeal the termination of their respective parental rights. They both challenge the statutory grounds authorizing termination and ask us to apply a permissive exception to forgo termination. In addition, the father asks us to grant more time to work toward reunification, while the mother argues termination is not in the children's best interests.[1] We affirm as to both parents.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020). "However, if a parent does not

---

[1] The father also makes a passing claim suggesting he was not provided with reasonable efforts. But this argument is not sufficiently developed for our review. *See In re S.V.*, No. 22-0283, 2022 WL 1236963, at *2 (Iowa Ct. App. Apr. 27, 2022) ("But the mother only makes a passing reference to this issue. So her claim is not sufficiently developed for our review.").

challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

Both parents challenge the statutory grounds authorizing termination. Here, the juvenile court terminated both parents' rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2021). When the juvenile court terminates under multiple statutory grounds, as occurred here, we may affirm on any ground satisfied. *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). We choose to address paragraph (f) with respect to both parents. Paragraph (f) authorizes termination when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). Both parents limit their challenge to the final element, whether the children could be safely returned.[2] This element is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *See In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–

---

[2] The father also claims that because he "never had custody of the children they have not been removed from his car[e]" and therefore termination under this code section is inapplicable. But this argument misunderstands the posture of this case and Iowa law. The children *were* removed from the father's custody in the initial removal order. And "removal of the child[ren] from the mother is sufficient to support termination of the father's parental rights." *In re Z.G.*, No. 16-2187, 2017 WL 1086227, at *3 (Iowa Ct. App. Mar. 22, 2017).

3 (Iowa Ct. App. Apr. 15, 2020) (discussing analogous element under paragraph (h)).

We agree with the juvenile court that the children could not be safely returned to either parent's care. The mother does not have a permanent living situation. While this case was pending, the mother absconded from the state of Iowa. She left no address information with the Iowa Department of Human Services (DHS). While she had some remote contact with her children, she did not see them in person for sixteen months. She lived out of a vehicle in North Carolina for a few months and then moved to a trailer in Michigan for about a year. She admitted that, during her absence, she used methamphetamine and other illegal drugs, including marijuana while pregnant. Eventually, the mother was apprehended in Michigan and returned to Iowa on an arrest warrant. Although the mother's housing situation has improved by moving in with her pastor, she still has pending criminal charges for child endangerment and abandonment. Based on this instability, we find the children could not be safely returned to the mother.

We reach the same conclusion with respect to the father. The father has a well-documented history of violence in the home dating back to when the father was a juvenile. On one occasion, the father assaulted the mother in front of their children. And just a few months before the termination hearing, the father was charged for another alleged domestic abuse incident. The father also self-reported a relapse of methamphetamine use in December 2021. And the father has not followed through on substance-abuse treatment recommendations. All this considered, we think the children could not be safely returned to the care of the father. So we move to the next step.

Our next analytical step is determining whether termination is in the best interests of the children. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41 (citation omitted). Only the mother challenges the juvenile court's best-interests determination, so we limit our consideration to whether termination of her parental rights is in the children's best interests.

We conclude termination is in the best interests of these children. As the juvenile court correctly observed, "[The mother] and [father] continue to make decisions that [would] put the children's safety at risk if the children were residing with either parent." And the instability in the mother's life prevents her from providing these children with the stability they need. Plus, as the juvenile court noted, DHS has been involved with this family for nearly seven years: more than half of the lives of each child. It is time for these children to achieve permanency. And all things considered, we believe termination offers these children the best chance to achieve the safety, stability, and permanency they need and deserve. So termination is in their best interests.

Next, we turn to permissive exceptions to termination. Both parents urge us to forgo termination due to the closeness of their respective bonds with the

children. Iowa Code § 232.116(3)(c). But for many of the reasons discussed above, we decline to apply this exception to either parent. The mother's decision to leave the state for sixteen months—during which she had no in-person visits with her children—demonstrates her bond with them is not particularly strong. And while we acknowledge the father has built a relationship with the children, we cannot overlook his lack of progress regarding drug use and physical violence. Nor do we think that these problems can be resolved in an additional six months, which the father also requests.[3] *See id.* § 232.104(2)(b) (permitting the juvenile court to grant an additional six months to work toward reunification when it can anticipate definitive positive changes would occur during that time). So we affirm the juvenile court.

**AFFIRMED ON BOTH APPEALS.**

---

[3] The juvenile court granted one six-month extension to work toward reunification already in this case.